UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID C. LETTIERI,

     Petitioner,

v.

FEDERAL MEDICAL CENTER, et al.,

     Respondents.

Civil Action No. 26-cv-12085-ADB

**ORDER**

BURROUGHS, D.J.

David C. Lettieri, who is confined at FMC Devens, brings this habeas action against FMC Devens officials, alleging that Respondents violated his constitutional rights by delaying delivery of mail sent by a court.  The case was randomly assigned to a Magistrate Judge pursuant to General Orders (10-1) and (09-3).  [Dkt. No. 3].

On July 17, 2026, the Magistrate Judge entered an Order, [Dkt. No. 4], denying without prejudice Petitioner's Motion, [Dkt. No. 2], for leave to proceed *in forma pauperis* and ordering Petitioner to show cause why he should not be required to pay the $405 case filing fee because he had, on three or more prior occasions, filed an action or appeal that was dismissed on the ground that it was frivolous, was malicious, or failed to state a claim upon which relief may be granted.[1]

---

[1] Under the Prison Litigation Reform Act, a prisoner bringing a non-habeas action generally cannot proceed *in forma pauperis* if he has, on three or more prior occasions, filed an action or appeal that was dismissed on the ground that it was frivolous, was malicious, or failed to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(g).

On July 24, 2026, Lettieri filed his Objection arguing that because he seeks a reduction in sentence, the instant action should be characterized as a habeas petition.  [Dkt. No. 6].  As noted by Lettieri, the characterization of an action as a habeas petition as opposed to a standard civil action is important because there are substantial differences between the two.  Among other things, the filing fee for habeas petitions is $5; the filing fee for civil actions is $350 with a $55 administrative fee.  In addition, 28 U.S.C. 1915(g) is not applicable to habeas cases.

On July 28, 2026, the Magistrate Judge ordered the random reassignment of this action to a District Judge, [Dkt. No. 7], and the case was reassigned to the undersigned.  [Dkt. No. 9].

This Court has carefully reviewed the Petition and Objection.  Petitioner's claim concerns delayed mail delivery, which is not the proper subject of a petition for a writ of habeas corpus.  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [non-habeas action]."  Muhammad v. Close, 540 U.S. 749, 750 (2004).

Here, Petitioner contends that the Respondents violated his constitutional right of access to the court through the delayed delivery of a piece of mail.  Petitioner does not suggest that the delayed mail delivery affects the duration of his confinement in any way.  Despite the fact that the relief sought by Petitioner is a reduction in sentence, his claim does not challenge the legality of his custody.

For the foregoing reasons, this action is DISMISSED for Petitioner's failure to pay the $405 filing fee or show good cause why he should not be required to do so.  The Clerk shall enter a separate order of dismissal.

**SO ORDERED.**

July 29, 2026

/s/ *Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

3